**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

---

| | |
|---|---|
| ORTHOARM INCORPORATED | : Case No.: 16-10356 |
| Plaintiff, | : |
| | : **COMPLAINT** |
| - against - | : |
| | : |
| TOMY INCORPORATED and | : **Jury Trial Demanded** |
| GC AMERICA INC., | : |
| | : |
| Defendants. | : **(Document Filed Electronically)** |

---

Plaintiff OrthoArm Incorporated ("OrthoArm" or "Plaintiff"), for its complaint against Defendants Tomy Incorporated ("Tomy") and GC America Inc. ("GC America") (collectively "Defendants") alleges as follows:

## INTRODUCTION

1. This is a patent infringement action in which Plaintiff is seeking, *inter alia*, a judgment that Defendants, through the sale, use, manufacture, and/or importation in or into the United States of various products identified below, infringe a United States patent owned by Plaintiff.

## THE PARTIES

2. Plaintiff is a company registered at 707-2300 Yonge Street, Toronto, Ontario, M4P 1E4.

3. Upon information and belief, Defendant Tomy Incorporated is a corporation organized and existing under the laws of the country of Japan, having a principal place of business at 3-16-7 Midori-cho, Fuchu city, Tokyo, 183006, Japan.

4. Upon information and belief, Defendant GC America Inc. is a corporation organized and existing under the laws of the State of Illinois, having a principal place of business located at 3737 West 127th Street, Alsip, Illinois.

## JURISDICTION AND VENUE

5. This action arises under Title 35 of the United States Code. Jurisdiction of this Court is based on 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the patent laws of the United States.

6. This Court has personal jurisdiction over defendant GC America at least by virtue of GC America's specific and continuous contacts in this District and the State of Illinois. Specifically, on information and belief, GC America maintains a continuous and voluntary presence in this District and the State of Illinois by virtue of its permanent office and principal place of business located at 3737 West 127th Street, Alsip, Illinois.

7. This Court has personal jurisdiction over Defendant Tomy by virtue of Tomy's purposeful, continuous, and systematic contacts with the State of Illinois, including but not limited to its ongoing business and contractual relationships with Defendant GC America, and including the sale to GC America, in this Judicial District, of orthodontic brackets sold under the trade name "Experience mini," such that Defendant Tomy could reasonably expect to be subject to jurisdiction in this Court.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because one or both Defendants have committed acts of infringement and/or contributed to and/or induced acts of infringement in this Judicial District.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff is engaged in the business of conceiving of, developing, designing, patenting and licensing innovative new devices, systems and methods in the field of orthodontics, including orthodontic brackets. Plaintiff's principal is Dr. John Voudouris, who is an orthodontist and individual resident of Toronto, Ontario.

10. Dr. Voudouris is a practicing orthodontist and a clinical research scientist. He is currently a member of the Discipline of Orthodontics Division of Biological Sciences as Visiting Scholar, and teaches Craniofacial Growth and Development combined with Biomechanics at the Orthodontic Graduate Department, New York University, College of Dentistry and the University of Toronto. Dr. Voudouris is the listed inventor on twelve issued U.S. Patents directed to self-ligating orthodontic brackets, including U.S. Patent No. 8,636,507 (the "'507 patent").

11. The Defendants are well aware of Dr. Voudouris and OrthoArm, and of the innovation and technological developments produced by Dr. Voudouris and OrthoArm, as a result of previous dealings.

12. Upon information and belief, each of the Defendants has been involved in at least one of manufacturing, using, offering for sale, selling, and/or importing certain orthodontic brackets, specifically including but not limited to the brackets sold under the trade designation "Experience mini," (the "Infringing Products") in or into one or more states in the United States, including the State of Illinois and this Judicial District.

13. On information and belief, Defendant GC America, at least through its GC Orthodontics division, has been at least advertising, marketing and selling in this judicial district the Infringing Products, and Defendant Tomy has contracted with Defendant GC America to

import and/or has been importing and/or has been selling in or into the United States the Infringing Products.

14. On information and belief, each of the Defendants has continuous and systematic business activities in the State of Illinois, including within this Judicial District, and is involved in this Judicial District with at least one of designing, developing, conducting research and development, using, offering for sale, selling, and/or importing the Infringing Products.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Infringement of U.S. Patent No. 8,636,507 Under 35 U.S.C. § 271)

15. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 14 above.

16. Plaintiff is now the owner by assignment of the entire right, title, and interest in and to United States Patent No. 8,636,507, entitled "Self-Ligating Orthodontic Bracket," including the right to sue for infringement and receive damages for such infringement. The '507 patent was duly and legally issued on January 28, 2014 in the name of Dr. Voudouris as the sole inventor and is now in full force and effect and has been since its issuance. A copy of the '507 Patent is attached hereto as Exhibit A.

17. Plaintiff has the full right to bring any and all actions for infringement of the '507 Patent and to receive any and all monetary awards and obtain injunctive relief therefor.

18. Each of the Defendants is infringing and has infringed, either directly and/or by contributory infringement and/or by inducing infringement, at least one claim of the '507 Patent in violation of 35 U.S.C. § 271, by making, using, offering for sale, selling, and/or importing the Infringing Products, in or into the United States.

19. A representative claim of the '507 Patent and a chart showing how a representative product of the Infringing Products infringes the '507 Patent is provided below.

| U.S. Patent No. 8,636,507 | Experience mini |
|---|---|
| 1. A self-ligating orthodontic bracket comprising: | The Experience mini is a self-ligating orthodontic bracket. |
| a body having an archwire slot defined at least partially by an occlusal side surface and a lingual surface, wherein a mesio-gingival reference plane is tangent to a lingual-most point of the lingual surface, | The Experience mini includes a body having an archwire slot defined at least partially by an occlusal side surface and a lingual surface, wherein a mesio-gingival reference plane is tangent to a lingual-most point of the lingual surface. |
| the body further having an occlusal-gingival opening, wherein the reference plane intersects the opening; and | The body of the Experience mini has an occlusal-gingval opening. The reference plane that is tangent to a lingual-most point of the lingual surface of the archwire slot intersects this opening. |
| a locking shutter coupled to the body and movable between a closed position where access to the archwire slot is inhibited and an open position where access to the archwire slot is permitted, | The Experience mini includes a locking shutter coupled to the body and movable between a closed position where access to the archwire slot is inhibited and an open position where access to the archwire slot is permitted. |
| wherein the locking shutter includes a lingual end located in the opening at a closed lingual location when the locking shutter is in the closed position, and | The locking shutter of the Experience mini includes a lingual end located in the opening at a closed lingual location when the locking shutter is in the closed position. |
| wherein the lingual end is located at an open lingual location when the locking shutter is in the open position, | The lingual end of the locking shutter is located at an open lingual location when the locking shutter is in the open position. |
| wherein the locking shutter further includes a labial end located at a closed labial location when the locking shutter is in the closed position and at an open labial location when the locking shutter is in the open position, wherein the side surface is closer to the open labial location than to the closed labial location, and | The locking shutter of the Experience mini includes a labial end located at a closed labial location when the locking shutter is in the closed position and at an open labial location when the locking shutter is in the open position, wherein the side surface is closer to the open labial location than to the closed labial location |
| wherein a first occlusal-gingival distance from the closed lingual location to the open lingual location is from 70% to 90% a second occlusal-gingival distance from the closed labial location to the side surface. | The first occlusal-gingival distance from the closed lingual location to the open lingual location of the Experience mini is from 70% to 90% a second occlusal-gingival distance from the closed labial location to the side surface Experience mini. |

20. On information and belief, each of Defendants has had actual knowledge and/or notice of the '507 Patent. Defendants had actual knowledge that they were engaging in infringing activities. Defendants, therefore, specifically intended to engage in infringing actions.

21. Plaintiff has been damaged as a result of Defendants' acts of patent infringement in an amount to be determined at trial, and will suffer imminent and irreparable injury unless this Court enjoins Defendants from further acts of infringement.

22. On information and belief, Defendants' acts of infringement have been carried out deliberately and willfully, without the consent of Plaintiff and with full knowledge of the '507 Patent, entitling Plaintiff to treble damages under 35 U.S.C. § 284.

23. This is an exceptional case entitling Plaintiff to an award of attorneys' fee under 35 U.S.C. § 285.

WHEREFORE, Plaintiff OrthoArm, Inc. respectfully requests that this Court enter judgment in Plaintiff's favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

1. That Defendants have been and are infringing, are contributing to the infringement of, and are actively inducing infringement of the '507 Patent;

2. That Defendants and their officers, agents, and employees and all others in concert or participation with them be preliminarily and permanently enjoined from further acts of infringement of the '507 Patent under 35 U.S.C. § 283;

3. That Plaintiff be awarded damages adequate to compensate it for Defendants' direct and indirect infringement of the '507 Patent in an amount to be determined at trial, together with interest and costs under 35 U.S.C. § 284;

- 7 -

4. That Plaintiff be awarded treble the damages it has incurred by reason of Defendants' acts of deliberate and willful infringement of the '507 Patent under 35 U.S.C. § 284;

5. That Defendants be required to pay Plaintiff's reasonable attorneys' fees in connection with this action as provided in 35 U.S.C. § 285;

6. That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with this injunction ordered by this Court;

7. That Defendants be required to pay all of Plaintiff's costs and expenses, including expert witness fees; and

8. That Plaintiff have such other, further and different relief as this Court deems just and proper.

## DEMAND FOR JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues properly so tried.

DATED: Chicago, IL
November 4, 2016

Respectfully submitted,

FOX ROTHSCHILD LLP

By: _____
Marc C. Smith
**FOX ROTHSCHILD LLP**
353 N. Clark St., Suite 3650
Chicago, IL 60654
Tel: (312) 517-9200
Fax: (312) 517-9201
mcsmith@foxrothschild.com

*Attorneys for plaintiff OrthoArm Incorporated*